UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:14-CV-00774

| | |
|---|---|
| Jamie L. Zaviska,<br><br>     Plaintiff,<br><br>v.<br><br>North Capital Recovery Services Corp. a/k/a North Capital Recovery Services, Inc.,<br><br>     Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Jamie L. Zaviska (hereinafter "Plaintiff") is a natural person who resides in the City of Lakeville, County of Dakota, State of Minnesota, and is a

"consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant North Capital Recovery Services Corp. a/k/a North Capital Recovery Services, Inc. (hereinafter "Defendant") is an unlicensed and unregistered foreign collection agency operating from an address of 247 Cayuga Street, Suite 5E, Cheektowaga, New York 14225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

6. Sometime before December 2013, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely account fees with Guaranty Bank in the approximate amount of $195.12.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. On or around December 13, 2013, Defendant called Plaintiff in an attempt to collect this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9. Plaintiff spoke with one of Defendant's collection representatives but she did not recognize the debt Defendant was attempting to collect.

10. Thus, Plaintiff requested that Defendant send written verification of this debt.

11. The call ended shortly thereafter.

### *Multiple Illegal Collection Calls to Plaintiff's Parents*

12. Between November 26, 2013, and January 14, 2014, Defendant caused to be made at least seven (7) collection calls to Plaintiff's parent's home phone in regards to this alleged debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. After many of these calls, Defendant left a message asking to speak with Plaintiff or her legal counsel in regards to payment arrangements for this alleged debt.

14. Plaintiff was extremely embarrassed, angered and frustrated that Defendants contacted her parents about this alleged debt on several occasions.

15. By making these collection calls to Plaintiff's parents, and leaving these voicemails, Defendant failed to conform to the allowable communications with third parties pursuant to 15 U.S.C. §§ 1692b and 1692c(b), namely, by calling more than once and failing to limit their request to "location information," as defined by 15 U.S.C. § 1692a(7) as Plaintiff's place of abode and telephone number at such place or place of employment.

16. These collection communication made to Plaintiff's parents by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692c(b),

1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

*Illegal Collection Call – December 21, 2013*

17. On or around December 21, 2013, Defendant caused to be made a collection call to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18. Defendant's December 21, 2013, collection call led to a voicemail on Plaintiff's phone, which stated as follows:

> Hi, this message is only intended for Jamie Zaviska. This is Tony Menz with the offices of North Capital about your payment arrangement that you set up yesterday for today. Um, it came back as nonsufficient. I didn't know if you needed time to place the funds into the account, but I do need to speak with you or your legal representation about this matter. We forwarded the documentation due to your request. We did have the verification information, and you did authorize a payment on a secure, recorded line for your security purposes as well as ours. I need you or your legal counsel to contact my office today at 1-866-816-7827 in reference to your file number 3034749. I do need the immediate attention from you or your legal counsel due to the arrangements that you called yesterday and committed to. Thank you, good luck and good day.

19. In its December 21, 2013, voicemail to Plaintiff, Defendant's collection agent failed to disclose that the communication was from a debt collector as required by the FDCPA, 15 U.S.C. § 1692e(11).

20. In its December 21, 2013, voicemail, Defendant's collection agent also misrepresented that Plaintiff had set up some payment arrangement with

Defendant, and further scared Plaintiff with this nonexistent payment arrangement by falsely stating that Plaintiff authorized a payment on a "secure, recorded line."

21. Defendant's December 21, 2013, voicemail also falsely represented the legal status of this alleged debt and threatened to take action that was not intended to be taken by stating several times that Defendant needed to speak with Plaintiff or her legal counsel, and by demanding an immediate call back, which created a false sense of urgency in Plaintiff.

22. Defendant's failure to disclose that it was a debt collector, along with its false representations and deceptive threats, were unfair and deceptive attempts to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this collection call.

23. This December 21, 2013, collection communication from Defendant was a deceptive, misleading and unfair communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Illegal Collection Call – December 30, 2013*

24. On or around December 30, 2013, Defendant caused to be made a collection call to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25. Defendant's December 30, 2013, collection call led to a voicemail on Plaintiff's phone, which stated as follows:

    > Hi, this message is only intended for Jamie Zaviska. My name is Tony Menz with the offices of North Capital. I need to speak with you or your legal counsel due to some payment arrangements that you made here in the office for last Friday to take care of a matter on a voluntary basis against your name and social in the amount of $195.12 that did decline on the 21st of December. I need to speak with you or your legal counsel about the payment arrangements that you agreed-upon on a secure, recorded line. Mr. Zaviska or Mrs. Zaviska, please contact me immediately upon receiving this message. Thank you, good luck and good day.

26. In its December 30, 2013, voicemail to Plaintiff, Defendant's collection agent failed to disclose that the communication was from a debt collector as required by the FDCPA, 15 U.S.C. § 1692e(11).

27. In its December 30, 2013, voicemail, Defendant's collection agent again misrepresented that Plaintiff had set up some payment arrangement with Defendant, and again scared Plaintiff with this nonexistent payment arrangement by falsely stating that Plaintiff authorized a payment on a "secure, recorded line."

28. Defendant's December 30, 2013, voicemail also falsely represented the legal status of this alleged debt and threatened to take action that was not intended to be taken by again stating that Defendant needed to speak with Plaintiff or her legal counsel, and by demanding an immediate call back, which created a false sense of urgency in Plaintiff.

29. Defendant's failure to disclose that it was a debt collector, along with its false representations and deceptive threats, were unfair and deceptive attempts to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this collection call.

30. This December 30, 2013, collection communication from Defendant was a deceptive, misleading and unfair communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Illegal Collection Call – January 3, 2014*

31. On or around January 3, 2014, Defendant caused to be made a collection call to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

32. Defendant's January 3, 2014, collection call led to a voicemail on Plaintiff's phone, which stated as follows:

> Hi, this message is only intended for Jamie, um, Zaviska. My name is Tony Menz with the offices of North Capital. I have some documentation I need to provide to you or your legal counsel due to the documentation that's been provided to my desk. I need to speak with you or your legal counsel at my toll-free number 866-816-7827 in reference to your file number 3034749. I do need your immediate attention on this time sensitive matter. Thank you, good luck and good day.

33. In its January 3, 2014, voicemail to Plaintiff, Defendant's collection agent failed to disclose that the communication was from a debt collector as required by the FDCPA, 15 U.S.C. § 1692e(11).

34. Defendant's January 3, 2014, voicemail to Plaintiff again falsely represented the legal status of this alleged debt and threatened to take action that was not intended to be taken by again stating that Defendant needed to speak with Plaintiff or her legal counsel, and by demanding an immediate call back, which created a false sense of urgency in Plaintiff.

35. Defendant's failure to disclose that it was a debt collector, along with its false representations and deceptive threats, were unfair and deceptive attempts to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this collection call.

36. This January 3, 2014, collection communication from Defendant was a deceptive, misleading and unfair communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Illegal Collection Call – January 9, 2014*

37. On or around January 9, 2014, Defendant caused to be made a collection call to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

38. Defendant's January 9, 2014, collection call led to a voicemail on Plaintiff's phone, which stated as follows:

> Hi, this message is only intended for Jamie, uh, Zaviska. This is Tony Menz with the offices of North Capital. I need to speak with you or your legal counsel due to arrangement that you request to change the arrangement and that you have breached the verbal contract that you've required, um, that you requested with my office. I need to speak with you or your legal counsel at my toll-free number 866-680-8907 in reference to your file number 3034749. I thank you for that opportunity to speak with you immediately upon receipt of this message. Thank you.

39. In its January 9, 2014, voicemail to Plaintiff, Defendant's collection agent failed to disclose that the communication was from a debt collector as required by the FDCPA, 15 U.S.C. § 1692e(11).

40. In its January 9, 2014, voicemail, Defendant's collection agent again misrepresented that Plaintiff had set up some payment arrangement with Defendant, and again scared Plaintiff with this nonexistent payment arrangement by falsely stating that Plaintiff breached some verbal contract with Defendant.

41. Defendant's January 9, 2014, voicemail to Plaintiff again falsely represented the legal status of this alleged debt and threatened to take action that was not intended to be taken by again stating that Defendant needed to speak with Plaintiff or her legal counsel, and by demanding an immediate call back, which created a false sense of urgency in Plaintiff.

42. Defendant's failure to disclose that it was a debt collector, along with its false representations and deceptive threats, were unfair and deceptive attempts to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this collection call.

43. This January 9, 2014, collection communication from Defendant was a deceptive, misleading and unfair communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e,

1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

### *Illegal Collection Call – January 10, 2014*

44. On or around January 10, 2014, Defendant caused to be made a collection call to Plaintiff regarding this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

45. Defendant's January 10, 2014, collection call led to a voicemail on Plaintiff's phone, which stated as follows:

> This message is intended solely for Jamie Javinska. Mr. Javinska, this is Ms. Valentino calling to inform you of a formal complaint being filed against you in our office. I do need yourself or legal counsel to call back immediately in reference to file number 3034749. It looks like you set up payment arrangements in our office and unfortunately the most recent one did fall through. At this point, I am deciding to allow process to begin but before I do, I am giving you this change to voluntarily rectify the situation at hand. The number here: 866-816-7827. Good luck.

46. In its January 10, 2014, voicemail to Plaintiff, Defendant's collection agent failed to disclose that the communication was from a debt collector as required by the FDCPA, 15 U.S.C. § 1692e(11).

47. In its January 10, 2014, voicemail, Defendant's collection agent also failed to disclose to Plaintiff where she was calling from and, as such, failed to meaningfully disclose the caller's identity in violation of the FDCPA, 15 U.S.C. § 1692d(6).

48. In its January 10, 2014, voicemail, Defendant's collection agent again misrepresented that Plaintiff had set up some payment arrangement with Defendant, and again scared Plaintiff with further threats of litigation.

49. Once again, Defendant's January 10, 2014, voicemail to Plaintiff falsely represented the legal status of this alleged debt and threatened to take action that was not intended to be taken by requesting to speak with Plaintiff or her legal counsel, and by stating that a "formal complaint has been filed" and that "process" will begin.

50. Defendant's failure to disclose that it was a debt collector, along with its false representations and deceptive threats, were unfair and deceptive attempts to collect this debt, which materially misled Plaintiff as to who was calling, and which affected and frustrated Plaintiff's ability to intelligently respond to this collection call.

51. This January 10, 2014, collection communication from Defendant was a deceptive, misleading and unfair communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692d(5), 1692d(6), 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692f, amongst others.

*Illegal Collection Letter and*
*Failure to Send Written Notice Pursuant to 15 U.S.C. § 1692g*

52. Defendant's initial communication with Plaintiff in connection with the collection of this debt took place on or around December 13, 2013, when they first contacted Plaintiff by telephone to collect this alleged debt.

53. Within five days from the initial communication on or around December 13, 2013, Defendant failed to send Plaintiff a written notice containing the information required by the FDCPA at 15 U.S.C. § 1692g(a).

54. The only written communication Plaintiff received from Defendant was a collection letter dated January 2, 2014, which was emailed to Plaintiff and which failed to provide Plaintiff with her legal right to dispute this debt under the FDCPA.

55. To date, Plaintiff has not received, and Defendant has not sent to Plaintiff, written notice containing her right to dispute this debt as required by 15 U.S.C. § 1692g.

56. Defendant's failure to send Plaintiff a written notice of her right to dispute this debt was an act done in violation of the FDCPA at 15 U.S.C. § 1692g(a).

*Summary*

57. All of the above-described collection communications made to Plaintiff and Plaintiff's parents by Defendant and the collection employees employed by Defendant were made in violation of numerous and multiple provisions of the

FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

58. Plaintiff has suffered actual damages as a result of Defendant's illegal conduct in the form anger, anxiety, emotional distress, frustration, upset, and embarrassment amongst other negative emotions.

### *Respondeat Superior Liability*

59. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

60. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

61. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, the Defendant.

62. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not

limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

63. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

64. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

65. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

66. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 18, 2014

**BARRY & HELWIG, LLC**

By: s/Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF HENNEPIN            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Jamie L. Zaviska, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___March___  ___18th___, ___2014___
               Month        Day          Year

___Jamie L. Zaviska___
Signature